UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DERRICK MAURICE WALTON,

Petitioner,

v.

TONY TRIERWEILER,

Respondent.

_____/

Case No. 1:17-cv-817

Honorable Janet T. Neff

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254.

Petitioner Derrick Maurice Walton is incarcerated with the Michigan Department of Corrections

(MDOC) at the G. Robert Cotton Correctional Facility in Jackson, Michigan.  On March 23, 2015,

in the Kent County Circuit Court, Petitioner pleaded *nolo contendere* to a charge of armed robbery,

Mich. Comp. Laws § 750.529, and guilty to a charge of assault with intent to do great bodily harm,

Mich. Comp. Laws § 750.84.  On April 15, 2015, the court sentenced Petitioner as a habitual

offender-third offense, Mich. Comp. Laws § 769.11, to respective prison terms of 15 to 30 years

and 10 to 20 years.

Petitioner filed his application on August 8, 2017.[1]  (Pet., ECF No. 1, PageID.3.)

The petition raises two grounds for relief, paraphrased as follows:

I.       Due process requires withdrawal of Petitioner's plea due to defects in the
         plea proceeding, where the trial court failed to elicit a factual basis for the
         guilty plea to assault with intent to do great bodily harm, failed to state valid

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

reasons for the use of a no contest plea to armed robbery, petitioner did not have the effective assistance of counsel at the time of the plea, and Petitioner requested plea withdrawal on the basis of innocence prior to sentencing.

II.     Due process requires resentencing where Petitioner was sentenced on the basis of inaccurate information due to the incorrect scoring of offense variable 3 at 25 points.

(Pet., ECF No. 1, PageID.5.)

Respondent has filed an answer to the petition (ECF No. 11) stating that Court should deny relief because Petitioner's grounds are either noncognizable or meritless.  Upon review and applying the standards of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA), I find that the grounds are without merit.  Accordingly, I recommend that the petition be denied.

## Discussion

### I.     Factual allegations

Petitioner claims that on November 16, 2014, he was approached by two men who pointed a gun at him and asked him if he had any marijuana.  (Pet., ECF No. 1, PageID.9.) Petitioner claims he threw a small amount of marijuana on the ground.  (*Id.*)  One man ran off, but the other, Victor Hoffman, attacked Petitioner and wrestled him to the ground.  (*Id.*)  Only then did Petitioner pull "a small knife from his pocket to protect himself, injuring Mr. Hoffman in the process." (*Id.*)

The factual basis offered by the prosecutor to support Petitioner's *nolo contendere* plea was markedly different than Petitioner's account:

On or about November 16, of 2014, [Petitioner] and the victim were both present at Creston Market.  The victim asked [Petitioner] if he could buy some marijuana from [Petitioner].  [Petitioner] responded that he did have marijuana and would be able to sell some.  They went back to the victim's apartment so that the victim could obtain more money.  The victim obtained some more money, gave it to [Petitioner], approximately $9 I believe, to the [Petitioner] for the purchase of this marijuana. [Petitioner] indicated he didn't want to do the deal right there on the victim's—at

2

the victim's home, so they walked down to Spencer and Lafayette where the victim then said, "Where's my marijuana?" [Petitioner] said, "There isn't any marijuana." [Petitioner] was holding the $9 in his hand.  The victim tried to get it back, they began to wrestle.  That is when [Petitioner] pulled out a knife and stabbed the victim a number of times.

(Plea Tr., ECF No. 12-3, PageID.116-117.)

Petitioner was arrested the day of the offense.  (Kent County Register of Actions, ECF No. 12-1, PageID.97.)  On the day scheduled for trial, March 23, 2015, Petitioner entered his pleas.  The "bargain" Petitioner negotiated for was the dismissal of the supplemental information charging him as a habitual offender-fourth offense.  (Plea Tr., ECF No. 12-3, PageID.108.)  By instead pleading to habitual offender-third offense Petitioner avoided a 25-year mandatory minimum sentence.  (*Id*.)

The plea transcript reveals that the trial court informed Petitioner of the charges, maximum penalties, and the rights he would be giving up.  (*Id*., PageID.109-112.)  When the trial court inquired whether Petitioner was pleading based on any promises other than those stated in the plea agreement, Petitioner raised an issue regarding a sentence of 10 years.  (*Id*., PageID.112.)  The prosecutor, the trial court, and Petitioner's counsel corrected Petitioner.  (*Id*., PageID.112-113.)  There was no agreement as to sentence and the estimated minimum sentence range under the guidelines was 135 to 337 months.  (*Id*.)  Petitioner acknowledged that he understood.  (*Id*., PageID.113.)  He entered his pleas.

On April 15, 2015, the trial court sentenced Petitioner.  Petitioner had no objections or corrections to the presentence report.  (Sentence Tr., ECF No. 12-4, PageID.123.)  The trial court informed Petitioner that his sentences were within the guideline ranges as set forth in the presentence report.  (*Id*., PageID.124.)

Petitioner requested the appointment of appellate counsel.  (Michigan Court of Appeals (MCOA) Appl. for Leave to Appeal, ECF No. 12-5, PageID.136.)  His appellate counsel

moved to withdraw Petitioner's plea.  (*Id*.)  The trial court denied the motion on December 11,

2015.  (Kent County Register of Actions, ECF No. 12-1, PageID.102.)

With the assistance of his appointed appellate counsel, Petitioner raised two issues

in the Michigan Court of Appeals, the same issues he raises in this Court.  (MCOA Appl. for Leave

to Appeal, ECF No. 12-5, PageID.132.)   The Michigan Court of Appeals denied relief by order

entered March 9, 2016.  (MCOA Ord., ECF No. 12-5, PageID.127.)  Petitioner, again with the

assistance of counsel, sought leave to appeal to the Michigan Supreme Court raising the same

issues.  The Michigan Supreme Court denied leave by order entered September 27, 2016.  (Mich.

Ord., ECF No. 12-7, PageID.250.)

II.    AEDPA Standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of

1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA).  The AEDPA "prevents federal habeas 'retrials'"

and ensures that state court convictions are given effect to the extent possible under the law.  *Bell*

*v. Cone*, 535 U.S. 685, 693-94 (2002).  An application for writ of habeas corpus on behalf of a

person who is incarcerated pursuant to a state conviction cannot be granted with respect to any

claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established

federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision

that was based upon an unreasonable determination of the facts in light of the evidence presented

in the state court proceeding."  28 U.S.C. § 2254(d).  This standard is "intentionally difficult to

meet."  *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme

Court.  28 U.S.C. § 2254(d).  This Court may consider only the holdings, and not the dicta, of the

Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts.  *Williams*, 529 U.S. at 381-382; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002).  Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court.  *Greene v. Fisher*, 565 U.S. 34 (2011).  The inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits.  *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts.  *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06).  "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'"  *Woods*, 135 S. Ct at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).  In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims."  *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and

convincing evidence.  28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir.

2003); *Bailey*, 271 F.3d at 656.  This presumption of correctness is accorded to findings of state

appellate courts, as well as the trial court.  *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith

v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

III.    <u>Petitioner's Plea is Constitutionally Valid</u>

"[A] federal court may issue the writ to a state prisoner 'only on the ground that he

is in custody in violation of the Constitution or laws or treaties of the United States.'"  *Wilson v.

Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)).  A habeas petition must "state facts

that point to a 'real possibility of constitutional error.'"  *Blackledge v. Allison*, 431 U.S. 63, 75 n.7

(1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases).

The federal courts have no power to intervene on the basis of a perceived error of state law.  *Wilson*,

562 U.S. at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-

68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

For the most part, Petitioner's challenges to the validity of his plea rest upon state

law, not federal constitutional principles.  For example, Petitioner contends that the trial court did

not elicit a sufficient factual basis to support his guilty plea to the assault charge.  The requirement

that the court establish a factual basis for a guilty plea is a creature of rule, not the federal

Constitution. While states are free to adopt procedural rules requiring a factual basis as Michigan

has done in Mich. Ct. R. 6.302(D)(1), the Federal Constitution does not mandate they do so.  *See

North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970); *Roddy v. Black*, 516 F.2d 1380, 1385

(6th Cir. 1975); *accord Meyers v. Gillis*, 93 F.3d 1147, 1152 (3d Cir. 1996); *United States v.

McGlocklin*, 8 F.3d 1037, 1047 (6th Cir. 1993) (en banc) (implicitly overruled on other grounds

by *Custis v. United States*, 511 U.S. 485 (1994)).

Petitioner similarly complains that the trial court accepted a plea of *nolo contendere* without making sufficient findings to support the necessity of such a plea. Again, however, the requirement that special circumstances must be present before a defendant may enter a plea of *nolo contendere* is entirely a product of state rules, Mich. Ct. R. 6.302(D)(2)(a), not federal constitutional principles. Accordingly, even if the trial court failed to establish that a *nolo contendere* plea was appropriate, it would not provide grounds for habeas relief unless the plea was otherwise involuntary or unknowing.

"It is well-settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). On the other hand, a plea not voluntarily and intelligently made has been obtained in violation of due process and is void. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969). The test for determining a guilty plea's validity is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart,* 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Courts assessing whether a defendant's plea is valid look to "all of the relevant circumstances surrounding it," *Brady v. United States*, 397 U.S. 742, 749 (1970).

In order to find that a guilty plea is constitutionally valid, several requirements must be met. The defendant pleading guilty must be competent, *see Brady*, 397 U.S. at 756, and must have notice of the nature of the charges against him, *see Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976); *Smith v. O'Grady*, 312 U.S. 329, 334 (1941). Petitioner does not contend he is incompetent and Petitioner had adequate notice of the charges against him.

The plea must be entered "voluntarily," i.e., not be the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant" or of state-

induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel. *Brady*, 397 U.S. at 750; *Machibroda v. United States*, 368 U.S. 487, 493 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void."). The defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving. *Henderson*, 426 U.S. at 645 n.13; *Brady*, 397 U.S. at 755; *Machibroda*, 368 U.S. at 493 ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.") (internal quotations and citation omitted). Petitioner does not contend that he failed to understand the consequences of his plea or that he was coerced into entering the plea.

Finally, the defendant must have available the advice of competent counsel. *Tollett*, 411 U.S. at 267-68; *Brady*, 397 U.S. at 756; *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970). The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made. *Cf. Henderson*, 426 U.S. at 647 ("[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."); *Brady*, 397 U.S. at 754 (suggesting that coercive actions on the part of the state could be dissipated by counsel). Ineffective assistance of counsel will render a plea of guilty involuntary. *See Hill*, 474 U.S. at 56-57. Petitioner rests the only federal constitutional challenge to his plea on this foundation.

Petitioner claims his counsel rendered ineffective assistance because he failed to develop Petitioner's self-defense claim and because counsel encouraged Petitioner to enter a plea despite Petitioner's factual innocence. Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by that plea. *See United States v. Broce*, 488

U.S. 563, 569 (1989); *Tollett*, 411 U.S. at 267. The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in
> the criminal process. When a criminal defendant has solemnly admitted in open
> court that he is in fact guilty of the offense with which he is charged, he may not
> thereafter raise independent claims relating to the deprivation of constitutional
> rights that occurred prior to the entry of the guilty plea. He may only attack the
> voluntary and intelligent character of the guilty plea by showing that the advice he
> received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267.    Consequently, a knowing and voluntary guilty plea waives all

nonjurisdictional defects in the proceedings, including a claim of ineffective assistance of counsel

that does not relate to the voluntariness of the plea. *See U.S. v. Stiger*, 20 F. App'x 307, 308–09

(6th Cir. 2001).  Petitioner's claims of ineffective assistance with respect to counsel's failure to

develop Petitioner's claim of self-defense do not attack the voluntary or intelligent nature of his

plea by showing that counsel's advice was inadequate, but instead relate to earlier alleged

constitutional deprivations.  Such claims have therefore been waived by his subsequent guilty plea.

*See Stiger*, 20 F. App'x at 308-09; *see also United States v. Bohn*, 956 F.2d 208, 209 (9th Cir.

1992) (pre-plea ineffective assistance of counsel claims are waived).

To the extent Petitioner claims that trial counsel's failure to develop Petitioner's

claims of self-defense or innocence prevented the plea from being knowing and voluntary, *see*

*Tollett*, 411 U.S. at 266–67, he has failed to make such a showing in this case.  In *Strickland v.*

*Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by

which to evaluate claims of ineffective assistance of counsel; the petitioner must prove:  (1) that

counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's

deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair

outcome.  A court considering a claim of ineffective assistance must "indulge a strong presumption

that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at

689.  The defendant bears the burden of overcoming the presumption that the challenged action

might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955));

*see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic

decisions were hard to attack). The court must determine whether, in light of the circumstances as

they existed at the time of counsel's actions, "the identified acts or omissions were outside the

wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court

determines that counsel's performance was outside that range, the defendant is not entitled to relief

if counsel's error had no effect on the judgment. *Id.* at 691.

The two-part *Strickland* test applies to challenges to guilty pleas based on

ineffective assistance of counsel. *Hill*, 474 U.S. at 58. Regarding the first prong, the court applies

the same standard articulated in *Strickland* for determining whether counsel's performance fell

below an objective standard of reasonableness. *Id.* In analyzing the prejudice prong, the focus is

on whether counsel's constitutionally deficient performance affected the outcome of the plea

process. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would

have insisted on going to trial." *Id*. at 59.

Petitioner was well aware of whether he was innocent or whether he acted in self-

defense and, thus, counsel's alleged failures, at the time he decided to plead; therefore, he cannot

show prejudice, i.e., that but for counsel's failures he would have insisted on going to trial and not

pled guilty. Moreover, Petitioner's support for his self-defense and innocence claims are a product

of a remarkably self-interested and selective reading of the victim's statement from the presentence

report.

The presentence report discloses:

> Hoffman said Walton pulled out a folding type knife with a three to four inch blade
> and said, Kick rocks, which Hoffman understood was to walk away. Hoffman told

him he needed that money and lunged at Walton and tack[l]ed him.  Walton reached over the top of Hoffman and stabbed him three times causing deep lacerations to his left shoulder blade, the base of his neck region, and the middle of his back near his spine.  Hoffman managed to get Walton to the ground in a headlock and disarmed him.

(Pet'r's Appl. for Leave to Appeal, ECF No. 12-7, PageID.270.)  Petitioner simply disregards the

fact that, according to the account upon which he relies to establish his claims of self-defense and

innocence, Petitioner pulled a knife on the victim and threatened him before the victim tackled

Petitioner.  For counsel to recommend foregoing a claim of self-defense or innocence under these

circumstances, instead choosing to avoid a mandatory minimum sentence of 25 years by accepting

the plea bargain, does not fall below an objective standard of reasonableness.

Plaintiff has failed to demonstrate that his plea was involuntary or unknowing in

any way.  The state courts' rejection of his claims, therefore, is neither contrary to, nor an

unreasonable application of clearly established federal law.  Accordingly, Petitioner is not entitled

to habeas relief.

IV.    Petitioner's Sentencing Challenge is not Cognizable

Petitioner next contends that the facts before the sentencing court did not support a

score of 25 points (life-threatening or permanently incapacitating injury) for the severity of the

victim's injuries.  Instead, Petitioner argues, the court should have scored 10 points (injury

requiring medical treatment) because that is all that the record shows.  If the guidelines were scored

as Petitioner suggests, his minimum sentence range would have been 126 to 315 months instead

of 135 to 337 months.

Claims concerning the improper scoring of sentencing guidelines are state-law

claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S.

370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls

within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02

11

(6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal

habeas relief); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing

guidelines establish only rules of state law). There is no constitutional right to individualized

sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d

253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a

criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline

minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich.

2004); *accord Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000); *Lovely v. Jackson*, 337 F.

Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich.

1987).

Although state law errors generally are not reviewable in a federal habeas

proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to

amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth

Amendment.'" *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003) (quoting *Pulley v. Harris*,

465 U.S. 37, 50 (1984)); *see also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside,

on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state

statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary

and shocking.") (citation omitted). A sentence may violate due process if it is based upon material

"misinformation of constitutional magnitude." *Roberts v. United States,* 445 U.S. 552, 556

(1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S.

736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information

before the sentencing court was materially false, and (2) that the court relied on the false

information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d

356, 358 (6th Cir. 1984).  A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence.  *Tucker*, 404 U.S. at 447.

Petitioner's sentence clearly is neither arbitrary nor shocking.  Further, Petitioner does not even argue that the facts found by the court at sentencing were based on false information. *Tucker*, 404 U.S. at 447.  Instead, Petitioner argues only that the court's sentencing findings were not sufficiently supported.  Such claims clearly fall far short of the sort of egregious circumstances implicating due process.  Therefore, the state-court's rejection of Petitioner's claim was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent.  28 U.S.C. § 2254(d).  Again, Petitioner is not entitled to habeas relief.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, I have examined each of Petitioner's claims under the *Slack* standard.  Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "A

petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*

I find that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims would be debatable or wrong.  Therefore, I recommend that the Court deny Petitioner a certificate of appealability.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied. I further recommend that a certificate of appealability be denied.

Dated: August 15, 2018                          /s/ Ellen S. Carmody
                                          ELLEN S. CARMODY
                                          U.S. Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).